FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 25, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BEAU CHARLTON GARDEE,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. 1:23-CV-03094-SAB<br><br>**ORDER SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner Beau Charlton Gardee, a federal pretrial detainee at the Kittitas County Corrections Center, brings this Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1. Petitioner is representing themself and has paid the $5.00 filing fee. For the reasons set forth below, the Court will summarily dismiss Petitioner's habeas corpus petition without prejudice.

## SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides for the summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Habeas Rule 1(b) provides that this Court may "apply any or all of these rules" to any habeas petition. Here, it is clear that Petitioner is not entitled to federal habeas relief at this time.

**ORDER SUMMARILY DISMISSING PETITION
WITHOUT PREJUDICE** *1

**IMPROPER RESPONDENT**

Petitioner has named the United States of America as the sole Respondent to this action. The proper respondent in a federal petition seeking habeas corpus relief is the person having custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Stanley v. California Supreme Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). If the petitioner is incarcerated, the proper respondent is generally the superintendent of the institution where the petitioner is incarcerated. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).

Petitioner's current custodian is the superintendent of Kittitas County Corrections Center. "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." *Stanley*, 21 F.3d at 360. Because Petitioner has failed to properly name the appropriate superintendent, this Court has no personal jurisdiction over Respondent.

**PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner is a defendant in a criminal case pending before this Court. *United States v. Gardee*, No. 1:22-CR-02028-SAB-1. He appears to be challenging the warrant in his criminal case. ECF No. 1 at 2. Petitioner asserts, "[t]he warrant to which was never obtained for arrest; Indictment, and the Pretrial Detention of my body[.]" *Id*. He claims that he was unlawfully searched, arrested, and extradited from the Yakama Nation Reservation. ECF No. 1-1 at 2.

Specifically, Petitioner asserts that on February 9, 2022, local, state, and federal law enforcement officials entered the Yakama Nation Reservation "in which tribal law apply's [sic]" without the presence of the Yakama Nation Tribal Police in an attempt to locate Petitioner, who is an enrolled member of the Yakama Indian Nation. ECF No. 1-1 at 1. He claims that state and federal law enforcement used information received from a "fake" Facebook account to arrest and extradite him without due process. *Id*. He contends that this violated his rights and tribal law. *Id*. Petitioner asks this Court to invalidate his arrest, "correct the Illegal

procedures and suppress all evidence." *Id.* at 1–2. Further, he seeks "Dismissal of all pending and or prior charges, accusations and assumptions of Indictment #[.]" ECF No. 1 at 7.

## 28 U.S.C. § 2241

Under 28 U.S.C. § 2241, district courts have jurisdiction over habeas petitions brought by pretrial detainees. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003). Pursuant to § 2241(c)(3), a district court may grant a writ of habeas corpus to a federal detainee "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, to be eligible for habeas corpus relief under § 2241 as a federal pretrial detainee, a petitioner is required to first exhaust available remedies. The U.S. Supreme Court has long stressed that defendants must first pursue the remedies available within the criminal action. *See, e.g.*, *Jones v. Perkins*, 245 U.S. 390, 391 (1918); *Riggins v. United States*, 199 U.S. 547, 551 (1905).

Here, Petitioner asserts the following grounds for habeas relief: (1) violation of the Yakama Nation General Council's authority to regulate and control entry of all non-tribal government entities on all lands under the exclusive jurisdiction of the Yakama Nation; (2) denial of the right to be free from unreasonable searches and seizures under the Fourth Amendment; (3) Fifth Amendment due process violations; and (4) Fourteenth Amendment due process and equal protection violations. ECF No. 1 at 6–7. His grounds for relief are arguments that must be raised in a pretrial motion in his criminal proceedings, not via a § 2241 petition.

//
//
//
//
//
//

**ORDER SUMMARILY DISMISSING PETITION**
**WITHOUT PREJUDICE *3**

Accordingly, **IT IS HEREBY ORDERED**:

1. The Petition is **DISMISSED** without prejudice.

2. The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, enter judgment accordingly, provide copies to Petitioner, and **CLOSE** the file.

**DATED** this 25th day of July 2023.



Stanley A. Bastian
Chief United States District Judge